# WILLIE FOUTCH v. STATE.

No. A-7168.   Opinion Filed Oct. 11, 1930.
Rehearing Denied Nov. 8, 1930.
(292 Pac. 392.)

Owen F. Renegar, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The evidence of the state was that there was 334 pounds of picked seed cotton of the aggregate value of $25 stolen from A. A. Eskew; that Eskew missed the cotton the next morning after it was stolen and, calling others to help him, tracked the thieves from his cotton pile in the field to the home of the defendant; that the defendant told the searchers that all the cotton on his place was in a wagon in the yard; that Eskew then procured a search warrant, and on searching a dugout on defendant's premises found the 334 pounds of cotton. Defendant was charged jointly with Calvin Guffey.   The state called Guffey as a witness, who testified that the defendant and one Sampley, a brother-in-law of defendant, stole the cotton in controversy and hid it in the dugout.

The state also offered evidence that the market value of the cotton at the time it was alleged to have been stolen was from 7½ to 8 cents per pound for first pick cotton

in seed and 21¼ to 21½ cents per pound in the bale; that that was the delivered value in Cordell and at Colony and Cloud Chief.

The defendant contends first that the evidence is insufficient to establish the fact of larceny for the reason that the conviction is based upon the uncorroborated testimony of one Guffey, who was jointly charged with the defendant with the larceny of the cotton and who took the stand and testified for the state. If the witness Guffey was an accomplice and his evidence was uncorroborated, the contention of the defendant would be good. The other evidence offered by the state, together with the facts and circumstances, corroborate the testimony of Guffey, and it was immaterial whether he was an accomplice or not.

The defendant next contends that the evidence of the state is insufficient to sustain a conviction for grand larceny, contending that the evidence at most shows the value to be uncertain and probably less than $20. The prosecuting witness, testifying for the state, said the cotton stolen was 334 pounds. The evidence of the witness Bud Gordon, who had been purchasing cotton in that country for some 15 years, was that the value of the cotton was 7½ to 8 cents per pound. Under this uncontradicted evidence, the lowest value of the cotton stolen would be $24.55 and the highest $26.72. Since any value in excess of $20 constitutes the crime of grand larceny, the evidence of the state was sufficient to fix a value making the crime grand larceny.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.